```
LASC, Southeast
Case No.: 11C02459
```
                              UNITED STATES DISTRICT COURT            PRIORITY SEND
                              CENTRAL DISTRICT OF CALIFORNIA          JS-6

                                    CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 11-8267-JFW (PLAx)** | Date:  October 25, 2011 |
| Title: | Federal Home Loan Mortgage Corporation -v- Salvador Alvarez, et al. | |

**PRESENT:**

  **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  Shannon Reilly                                None Present
  Courtroom Deputy                              Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                          None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

     On July 29, 2011, Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") filed an unlawful detainer action against Defendant Salvador Alvarez ("Defendant") in Los Angeles Superior Court.  On October 5, 2011, Defendant filed a Notice of Removal, alleging that this Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Defendant fails to meet his burden of demonstrating that removal is proper.  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  In his Notice of Removal, Defendant fails to allege the citizenship of any of the parties.

     In addition, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.